

### State of New Jersey

| | | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor*<br><br>SHEILA Y. OLIVER<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625 | MATTHEW J. PLATKIN<br>*Acting Attorney General*<br><br>MICHAEL T.G. LONG<br>*Director* |

September 7, 2022

Hon. Renee Marie Bumb, U.S.D.J.
Mitchel H. Cohen Building
  and U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

>     Re: McKinney v. Powell, et al.
>         Civil Docket No.: 22-1859
>         <u>Defendants' letter requesting pre-motion conference</u>

Dear Judge Bumb,

This office represents the Defendants in the above captioned matter. Please accept this letter, pursuant to Your Honor's Rules and Procedures, as Defendants' request for a pre-motion conference. As discussed below, Defendants wish to file a motion to dismiss, pursuant to *Fed.R.Civ.P.* 12(b)(6).

Plaintiff brings his Complaint alleging state and federal constitutional claims, and state law tort claims, stemming from the allegation that he was assaulted by various Department of Correction ("DOC") Officers in April 2022, while house at South Woods State Prison ("SWSP"). Plaintiff names Lt. Sheppard, Sgts. Carty and Thomas, and Senior Corrections Officers ("SCO") Beltran, Borbely, Parks, Rubert, Sheppard, Stonehill, Van Klien, and Walker as perpetrators of the assault. Each is sued in his individual and official capacities.

Plaintiff also names two Administrative Defendants, former Administrators John Powell and Al Solanik. Neither are alleged to have participated in the assault, but rather are alleged to be deliberately indifferent, as supervisors of the Officer



Defendants. Both are sued in both their individual and official capacities.

Defendants wish to file a motion to dismiss, seeking the dismissal of the official capacity claims against all Defendants, because claims against a person, in their official capacity, are barred by the Eleventh Amendment, *Quern v. Jordan*, 440 U.S. 332 (1979) (It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state); *see also Alabama v. Pugh*, 438 U.S. 781 (1978); *Meyer v. New Jersey*, 46 F.2d 1252 (3d Cir. 1972); *Kentucky v. Graham*, 473 U.S. 159 (1985) (this immunity from suit extends to state official sued for damages in his or her official capacity). ; *McClary v. O'Hare*, 786 F.2d 83 (2d Cir. 1986); *Miller v. Rutgers*, 619 F. Supp. 1386 (D.N.J. 1985). Further claims against persons, in their official capacities, and are not considered claims against a "person," as is required by 42 U.S.C. 1983 and the New Jersey Civil Rights Act. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Brown v. State of New Jersey*, 442 N.J. Super. 406, 425-26 (App. Div. 2015) (applying same S 1983 "person" requirement to claims brought pursuant to the NJCRA).

In addition, Defendants' motion would seek the dismissal of Defendants Powell and Solanik, in their entirety. All constitutional claims fail because the complaint fails to allege any personal involvement in the underlying assault. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004).

Finally, all tort claims asserted all Defendants must be dismissed because each is immune from tort liability in federal court. *Allen v. New Jersey State Police*, 974 F.3d 497, 505 (3d Cir. 2020) ("the New Jersey Tort Claims Act does not constitute waiver if immunity from suit in federal court; the statute reflects a limited waiver only of the State's immunity from suit in ***state*** court.") (emphasis in original).

At present, this motion will not include an argument for the dismissal of the tort claims, for failure to file a tort claims notice. Defendants will reserve that, and all other potential arguments for a motion for summary judgment.

If this motion was granted in full, the constitutional claims against the Officer Defendants would remain.  Thank you for your time and consideration of this request.

Sincerely yours,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Adam Robert Gibbons
     Adam Robert Gibbons
     Deputy Attorney General

CC: Amos Gern, Esq. (via CM/ECF)
    *Attorney for Plaintiff*