UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

JOSEPH MCKINNEY,

Plaintiff,

-vs-

SOUTH WOODS STATE PRISON ADMINISTRATOR
JOHN POWELL, in his official and
individual capacities, et al.,

Defendants.

CIVIL ACTION

CASE NO: 1:22-cv-01859
(RBK) (SAK)

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
(609) 376-2964
*Attorney for Defendants, John
Powell, Al Solanik, Sgt. Michael
Carty, Sgt. Edward Thomas, Lt.
Philip Sheppard, SCO Markus Van
Kline, SCO Jeffrey Parks, SCO
Russell Sheppard, SCO David
Beltran, SCO Daniel Rubert, SCO
Christopher Borbely, SCO Gary
Walker, and SCO Charles Stonehill*

Thomas W. Carter
Deputy Attorney General
Of Counsel and On the Brief

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT................................................1

FACTS AND PROCEDURAL HISTORY.........................................2

STANDARD OF REVIEW..................................................5

LEGAL ARGUMENT.....................................................7

POINT I

    THE CONSTITUTIONAL CLAIMS MUST BE DISMISSED AGAINST ALL DEFENDANTS, IN THEIR OFFICIAL CAPACITIES, BECAUSE OFFICIAL CAPACITY SUITS ARE NOT PERMITTED UNDER 42 U.S.C. § 1983 OR THE NJCRA...................7-10

    A.  Plaintiff's Claims Against Moving Defendants, In Their Official Capacities, Are Barred By the Eleventh Amendment .......................................7

    B.  The Moving Defendants, In Their Official Capacities, Are Not "Persons" Amenable To Suit Under 42 U.S.C. §§ 1983 & 1985 and Therefore Must Be Dismissed ...........................................8

POINT II

    PLAINTIFF'S CLAIMS AGAINST DEFENDANTS POWELL AND SOLANIK, IN THEIR INDIVIDUAL CAPACITIES, MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT AGAINST THEM.....................10-14

POINT III

    PLAINTIFF'S COMMON LAW NEGLIGENCE AND CONSPIRACY CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE THAT THEY WERE RESPONSIBLE OR INVOLVED WITH HIS ALLEGED ASSAULT...............................14-16

POINT IV

PLAINTIFF'S COMMON LAW CLAIMS FOR NEGLIGENCE AND
CONSPIRACY SHOULD BE DISMISSED AGAINST THE
DEFENDANTS IN THEIR OFFICIAL CAPACITIES BECAUSE THE
DEFENDANTS HAVE NOT WAVIED THEIR IMMUNITY FROM SUIT
IN FEDERAL COURT.......................................16-17

CONCLUSION................................................17-18

**TABLE OF AUTHORITIES**

**Cases**

Allen v. New Jersey State Police, 974 F.3d 497, 505 (3d Cir. 2020)........................................................17

Ashcroft v. Iqbal, 556 U.S. 662 (2009).........................5-7

A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 586 (3d Cir. 2004)...............................11

Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005)........16

Barkes v. First Corr. Med., Inc., 766 F.3d 307, 319 (3d Cir. 2014)..................................................12, 13

Bd. of the County of Comm'rs of Bryan County, OK v. Brown, 520 U.S. 397, 417 (1997)......................................11, 12

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)........6

Betts v. New Castle Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010) ..........................................................17

Chalet on Behalf of Chalet v. State, No. A-1738-21, 2022 WL 13671502 at *3 (N.J. Super. Ct. App. Div. Oct. 24, 2022) (unpublished)....................................................9

Didiano v. Balicki, 488 F. App'x 634, 638-39 (3d Cir. 2012).....9

Filgueiras v. Newark Public Schools, 426 N.J. Super. 449, 468 (App. Div. 2012)...............................................10

Franklin Armory, Inc. v. New Jersey, No. CV 19-19323 (FLW), 2021 WL 222808, at *9 (D.N.J. Jan. 22, 2021)......................17

Jimenez v. New Jersey, 245 F. Supp. 2d 584, 586 n. 3 (D.N.J. 2003)..........................................................10

Kentucky v. Graham, 473 U.S. 159 (1985).........................7

Komlodi v. Picciano, 89 A.3d 1234 (2014).......................15

Martinez v. S. Woods State Prison, No. A-1738-18T3, 2019 WL 6130972, at *2 (App. Div. Nov. 19, 2019) (unpublished), cert. denied, 225 A.3d 540 (2020)....................................9

<u>Miller v. Rutgers</u>, 619 F. Supp. 1386 (D.N.J. 1985)...........7, 8

<u>Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.</u>, 331 F.3d 406, 414 (3d Cir. 2003)...............................16

<u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003)................................................12

<u>Pennhurst State School and Hosp. v. Halderman</u>, 465 U.S. 89, 99...................................................................7

<u>Piscitelli v. Classic Residence by Hyatt</u>, 408 N.J. Super. 83, 112 (App. Div. 2009)........................................14, 15

<u>Quern v. Jordan</u>, 440 U.S. 332 (1979)...........................7

<u>Rezem Family Assoc., L.P. v. Borough of Millstone</u>, 423 N.J. Super. 103, 115 (App. Div. 2011)...............................10

<u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)......10

<u>Simmons v. Philadelphia</u>, 947 F.2d 1042, 1060 (3d Cir. 1991)....12

<u>Smith v. Harrah's Casino Resort of Atl. City</u>, No. A-0855-12T2, 2013 WL 6508406, at *7-8 (App. Div. 2013).................14, 15

<u>Stroby v. Egg Harbor Tp.</u>, 754 F. Supp. 2d 716, 721 (D.N.J. 2010)................................................................10

<u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989)...8, 9

<u>Ziggler v. Abbasi</u>, 137 S. Ct. 1843, 1867 (2017)................11

**<u>STATUTES</u>**

42 U.S.C. § 1983.......................................2, 4, 5-12

<u>N.J. Stat. Ann.</u> § 10:6-1 to -2................................2

<u>N.J. Stat. Ann.</u> § 10:6-2(c)..................................9

<u>U.S. Const.</u>, Amend. XI.......................................7

**<u>RULES</u>**

Fed. R. Civ. P. 8(a)(2)......................................6-7

iv

Fed. R. Civ. P. 12(b)(6) ...................................... 5

## PRELIMINARY STATEMENT

Plaintiff brings several claims arising out of an alleged assault by various Department of Correction ("DOC") Officers in April 2022, while housed at South Woods State Prison ("SWSP"). In this Complaint, the Plaintiff is a DOC inmate and alleges being targeted and a victim of a planned physical assault by DOC Officers.  He claims that he was called racial slurs during this assault, and that other Officers did nothing to stop the assault.

Plaintiff's Complaint includes claims against two former SWSP administrators, Defendants Powell and Solanik ("Policymaker Defendants").  For several reasons, the claims against the Policymaker Defendants fail as a matter of law.

First, Plaintiff's complaint fails to set forth any facts showing the personal involvement of the Policymaker Defendants. Rather, Plaintiff's complaint merely asserts that they knew, or should have known, about the violent propensity of all corrections officers in the NJDOC prison system based on other inmates' lawsuits.  Plaintiff does not assert that these Defendants were aware of the violent propensity of any of the individually-named officers.  Thus, Plaintiff fails to show how either could be deliberately indifferent to any serious risk of harm to Plaintiff.

Second, Plaintiff's complaint presents a claim against the Policymaker Defendants under a theory of respondeat superior on the grounds that they were ultimately in charge of SWSP.  But

respondeat superior cannot support a constitutional claim, and therefore Plaintiff does not state a claim against the Policymaker Defendants. Further, supervisors cannot be vicariously liable for the intentional torts of their subordinates, necessitating the dismissal of the tort claims against the Policymaker Defendants.

In addition, the official capacity claims must be dismissed against all Defendants because official capacity claims are not claims against a "person," as is required under the constitutional standards set forth for 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"). Accordingly, it is proper for the Court to grant Defendants' Motion to Dismiss Plaintiff's Complaint, with prejudice, as to the following claims: (1) all claims against the Policy Maker Defendants, and (2) all official capacity claims against all Defendants.

## **FACTS AND PROCEDURAL HISTORY**[1]

Plaintiff's Complaint alleges claims for: (1) violation of 42 U.S.C. § 1983 as to excessive force; (2) violation of 42 U.S.C. § 1983 for failure to intervene; (3) violation of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 to -2; (4) negligence; (5) intentional infliction of emotional distress; (6) assault and battery; and (7) common law conspiracy. Plaintiff asserts these

---

[1]   The inclusion of any fact herein does not signal Defendants' concession as to the facts' accuracy or existence. Rather, all facts asserted herein are taken from the complaint and are, for the purposes of this motion, assumed to be true.

claims against the following Corrections Officers: (1) Lt. Philip Sheppard; (2) Sgt. Michael Carty; (3) Sgt. Edward Thomas; (4) Senior Corrections Officer ("SCO") David Beltran; (5) SCO Christopher Borbely; (6) SCO Jeffrey Parks; (7) SCO Daniel Rubert; (8) SCO Russell Sheppard; (9) SCO C. Stonehill; (10) SCO Markus Van Klien; and (11) SCO Gary Walker. As used herein, these Defendants will be referred to as "the Officer Defendants." Each is sued in his official and individual capacities.

Plaintiff also asserts these claims against former Administrators John Powell and Al Solanik (the "Policymaker Defendants"). Again, both are sued in their official and individual capacities.

Plaintiff's Complaint asserts that on or about April 6, 2020, he had negative verbal interactions with Defendants Van Kline and Carty. (See Plaintiff's Complaint, ECF No. 1, ¶¶ 31-33). The next day, Defendant Van Kline swung at Plaintiff but missed, then hit a duress button to alert other officers to come to the area. Id. at ¶ 45. The remaining Officer Defendants responded, and continued the assault on Plaintiff. Id. at ¶ 46-47. Plaintiff claims he was then taken to see a nurse, and was thereafter transported to Inspira Medical Center. Id. at ¶ 48-49.

Plaintiff's allegations against Powell and Solanik assert, in a conclusory fashion, that the Defendants knew or should have known about an unofficial policy to use excessive force against inmates.

Id. at ¶ 71.  Plaintiff's complaint does not provide any specifics pertaining to what this unofficial policy consists of, how it is constitutionally deficient.  See generally id.  Plaintiff makes no non-conclusory allegations indicating why or how Powell and Solanik were involved with this imagined policy.  See generally id.  He lists several other allegations of excessive force complaints made by other inmates, but does not identify any link between those incidents and Powell or Solanik – indeed, Plaintiff does not plead any facts suggesting the Defendants had notice of these incidents or were otherwise involved in those incidents, nearly all of which occurred at other prisons.  Id. at ¶ 72-74.

Unlike the Officer Defendants, Defendants Powell and Solanik are not alleged to have participated in the assaultive conduct on April 6 and 7, 2020.  Id. at ¶ 108-118.  While the list of other alleged excessive force incidents allegedly occurring or filed between 2016 to 2020, none evidence the use of excessive force against any Defendant named in this complaint, much less any involvement or acquiescence by Powell or Solanik.  Id. at ¶ 72-74.

On April 1, 2022, Plaintiff filed his Seven Count Complaint, asserting the following causes of action:

- First Count – 42 U.S.C. § 1983 – First, Fifth, Eighth and Fourteenth Amendments - Individual Liability against all Defendants;

- Second Count – 42 U.S.C. § 1983 – Failure to Intervene – Against the Officer Defendants;

- Third Count – NJCRA – Against all defendants;

- Fourth Count – Negligence – Against the Officer Defendants;

- Fifth Count –Intentional Infliction of Emotional Distress – Against the Officer Defendants;

- Sixth Count – Assault and Battery – Against the Officer Defendants;

- Seventh Count – common law civil conspiracy – Against all defendants.

Defendants now file a Motion to Dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, it is proper for the Court to dismiss Plaintiff's Complaint, with prejudice, as to the following claims: (1) all claims against the Policymaker Defendants, and (2) all official capacity claims dismissed against all Defendants.

## STANDARD OF REVIEW

There are two working principles underlying the motion to dismiss standard. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S.

662 (2009).   Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth."   Id. at 678-79.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."   Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   Iqbal, 556 U.S. at 664-65.   A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id. at 678 (citing Twombly, 550 U.S. at 556).   This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully."   Iqbal, 556 U.S. at 678.

In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to relief.   Id.   When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is

entitled to relief." Id. (citing Fed. R. Civ. P. 8(a)(2)) (cleaned up).

## LEGAL ARGUMENT

### POINT I

**THE CONSTITUTIONAL CLAIMS MUST BE DISMISSED AGAINST ALL DEFENDANTS, IN THEIR OFFICIAL CAPACITIES, BECAUSE OFFICIAL CAPACITY SUITS ARE NOT PERMITTED UNDER 42 U.S.C. § 1983 OR THE NJCRA.**

Plaintiffs' claims against the Defendants in their official capacities should be dismissed because the Eleventh Amendment and language of 42 U.S.C. § 1983 require a defendant be a "person."

### A. Plaintiff's Claims Against Moving Defendants, In Their Official Capacities, Are Barred By the Eleventh Amendment.

The Eleventh Amendment prohibits naming a state or state agency as a party in federal lawsuits. U.S. Const., Amend. XI; see also Quern v. Jordan, 440 U.S. 332 (1979). The amendment precludes federal jurisdiction over a state absent the state's consent to suit. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The immunity from suit extends to "agencies or Department[s]" of the state as well, Id. at 101-102, and includes lawsuits for damages against state officials in their official capacities. Kentucky v. Graham, 473 U.S. 159 (1985); McClary v. O'Hare, 786 F.2d 83 (2d Cir. 1986); Miller v. Rutgers, 619 F. Supp. 1386 (D.N.J. 1985). While prospective injunctive relief may be sought against state officials acting in their

7

official capacities, a suit for monetary damages is indistinguishable from a suit against the state itself, and is thus prohibited by the Eleventh Amendment. <u>Miller</u>, 619 F. Supp. at 1392-93.

Here, neither the State nor the named State officials acting in their official capacity have consented to suit. Thus, the Eleventh Amendment bars the recovery of monetary damages against the State and its officials for alleged constitutional violations. Thus, the First, Second and Third Counts, as alleged against the individual Defendants, in their official capacities, must be dismissed with prejudice.

### B. The Moving Defendants, In Their Official Capacities, Are Not "Persons" Amenable To Suit Under 42 U.S.C. §§ 1983 & 1985 and Therefore Must Be Dismissed.

To be liable under 42 U.S.C. § 1983, a defendant must be a "person." 42 U.S.C. § 1983; <u>see</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). In <u>Will</u>, the Supreme Court explained that a State, or an official of the State while acting in his or her official capacity, is not a "person" within the meaning of § 1983. While state officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official, but is a suit against the official's office. "As such, it is no different from a suit against the State itself." <u>Will</u>, 491 U.S. at 71.

8

The Court in Will also relied on the finding that, in enacting § 1983, Congress did not intend to override well-established common law immunities or defenses -- specifically that a state may not be sued without its consent. Id. While § 1983 is a remedy for an official violation of federal rights, it "does not suggest that the State itself was a person that Congress intended to be subject to liability." Id. at 68.

The NJCRA is modeled after 42 U.S.C. § 1983, and the same "person" restrictions apply to claims under the NJCRA. See, e.g. Chalet on behalf of Chalet v. State, No. A-1738-21, 2022 WL 13671502, at *3 (N.J. Super. Ct. App. Div. Oct. 24, 2022) (unpublished) ("We likewise affirm the judge's ruling defendants were immune from suit because they are not considered persons under the NJCRA."); Martinez v. S. Woods State Prison, No. A-1738-18T3, 2019 WL 6130972, at *2 (App. Div., Nov. 19, 2019) (unpublished), cert. denied, 225 A.3d 540 (2020). In both the NJCRA and § 1983 context, Courts have held that "person" does not permit a cause of action against a state. See id., at *3 ("... § 1983 did not create a cause of action against a state, because a state is not a person. The same conclusion is mandated under the analogous NJCRA."); Didiano v. Balicki, 488 F. App'x 634, 638-39 (3d Cir. 2012) (a New Jersey state official in his/her official capacity is not a "person" amenable to a suit for damages under N.J. Stat. Ann. § 10:6-2(c)).

Here, the Defendants are not "persons" under either 42 U.S.C. § 1983 or the NJCRA in their official capacities.  Therefore, the Court should dismiss Plaintiff's claims against Defendants in their official capacities with prejudice.

### POINT II

**PLAINTIFF'S CLAIMS AGAINST DEFENDANTS POWELL AND SOLANIK, IN THEIR INDIVIDUAL CAPACITIES, MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE ANY PERSONNAL INVOLVEMENT AGAINST THEM.**

Claims advanced under 42 U.S.C. § 1983[2] cannot be predicated solely on a theory of respondeat superior.  E.g., Jimenez v. New Jersey, 245 F. Supp.2d 584, 586 n. 3 (D.N.J. 2003); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, to impose liability, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  Id.  While personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity.  Id.

---

[2]  Although this brief point analyzes claims brought pursuant to § 1983, the same principles govern when addressing the claims brought pursuant to the NJCRA.  See Rezem Family Assoc., L.P. v. Borough of Millstone, 423 N.J. Super. 103, 115 (App. Div. 2011); Filgueiras v. Newark Public Schools, 426 N.J. Super. 449, 468 (App. Div. 2012); Martin, 965 F. Supp. 2d at 548; Stroby, 754 F. Supp. 2d at 721 n. 5.

With respect to those in supervisory roles, there are two theories of liability under which a supervisor may be personally liable under § 1983.  The first theory of liability, "provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."  A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 586 (3d Cir. 2004).

The second theory of liability imposes liability on a supervisor only when it can be demonstrated that such supervisor was deliberately indifferent to the wrongful action(s) or inaction(s) of that supervisor's subordinates.  In Ziggler v. Abbasi, 137 S. Ct. 1843, 1867 (2017), the United States Supreme Court assumed, without deciding, that the substantive standard for a Bivens claim against a warden for allowing prison guards to abuse detainees would be whether the warden showed "deliberate indifference" to prisoner abuse, while stating that "a Bivens claim is brought against the individual officer for his or her own acts, not the acts of others," and that "Bivens is not designed to hold officers responsible for acts of their subordinates." Id.

Under this second theory of liability, there are two situations where a supervisor may be held liable for their policies or customs.  The first is where "the appropriate officer or entity

11

promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting Bd. of the County of Comm'rs of Bryan County, OK v. Brown, 520 U.S. 397, 417 (1997)).

The second situation is where "the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." Natale, 318 F.3d at 584. In the context of failure to act, only where the failure "reflects a deliberate or conscious choice...can a [policymaker] be held liable for such a failure under § 1983." Simmons v. Philadelphia, 947 F.2d 1042, 1060 (3d Cir. 1991). This requires the plaintiff to "present scienter-like evidence of indifference on the part of a particular policymaker or policymakers." Id. at 1060-61. Thus, in pleading supervisory liability based upon this standard, the plaintiff must show "that the state official, by virtue of his or her own deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur...."

Barkes v. First Corr. Med., Inc., 766 F.3d 307, 319 (3rd Cir. 2014) (emphasis in original).

Here, Plaintiff's complaint fails to allege any personal involvement on the part of the Policymaker Defendants, other than as the Administrators in charge of the prison. Plaintiff's attempt to show that other inmates in the DOC have alleged prior instances of excessive force fail to show that either of the Policy Maker Defendants knew, or should have known, of the violent propensities of the Officer Defendants alleged to have perpetrated this particular assault. And even if Plaintiff had alleged that the Policymaker Defendants were aware that allegations of excessive force had been made in other prisons, it does not indicate any subjective recognition that an assault would happen to Plaintiff or be initiated by the officer defendants. In short, Plaintiff does not plead facts that would indicate the Defendants had adequate involvement to support a claim against them.

Similarly, Plaintiff does not plead facts that would support liability against the Policymaker Defendants for deliberate indifference on their control or policymaking authority. Plaintiff's complaint does not identify any constitutionally deficient policy – it only suggests in a conclusory fashion that some deficient policy existed. And even if Plaintiff had identified a policy, Plaintiff plead any facts indicating how such policy is constitutionally deficient, or how such deficiencies

caused his harm.  Plaintiff does not plead any subjective knowledge by the Policymaking Defendants indicating there was any <u>known</u> deficiency in any policy.

Because Plaintiff does not plead any non-conclusory facts suggesting the Policymaker Defendants were aware of any constitutional violations, or constitutionally-deficient policies that caused him harm, he fails to adequately plead a claim against the Policymaker Defendants.  Therefore, all claims against the Policymaker Defendants must be dismissed.

### POINT III

**PLAINTIFF'S COMMON LAW NEGLIGENCE AND CONSPIRACY CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE THAT THEY WERE RESPONSIBLE OR INVOLVED WITH HIS ALLEGED ASSAULT.**

The Policymaker Defendants cannot be held liable for either negligence or common law conspiracy because Plaintiff fails to plead facts supporting either claim.

Plaintiff's negligence claim against the Policymaker Defendants appears to be premised on their supervisory role over other officers.  In such case, a claim of negligent hiring or supervision requires that the employer knew or had reason to know of the particular unfitness, incompetence, or dangerous attributes of the employee, and that the employer could reasonably have foreseen that the qualities created a risk of harm to other persons.  <u>E.g.</u>, <u>Piscitelli v. Classic Residence by Hyatt</u>, 408 N.J.

Super. 83, 112 (App. Div. 2009).  New Jersey courts have equated a claim of negligent hiring with that of negligent supervision. See Smith v. Harrah's Casino Resort of Atl. City, No. A-0855-12T2, 2013 WL 6508406, at *7-8 (App. Div. 2013).

Here, Plaintiff does not plead facts indicating that the Policymaker Defendants could be liable for negligent hiring or supervision.  Plaintiff does not plead that the Policymaker Defendants had any prior knowledge of any unfitness, incompetence, or dangerous attributes of their employees.

Plaintiff also cannot hold the Policymaker Defendants liable for the alleged intentional wrongdoing of their subordinates.  To establish negligence, a plaintiff must plead that the negligence was a "substantial factor" contributing to the result.  See Komlodi v. Picciano, 89 A.3d 1234 (2014).  As discussed above, Plaintiff does not plead facts indicating that the Policymaker Defendants had any meaningful involvement in his assault – he simply seeks to hold them liable as administrators of the prison.  See supra, at Point II.  Accordingly, Plaintiff's complaint fails to state sufficient facts to establish a negligence claim against the Policymaking Defendants.

For the same reasons, Plaintiff fails to plead a civil conspiracy claim against the Policymaking defendants.  Under New Jersey law, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit

15

a lawful act by unlawful means, a principal element of which is to inflict a wrong against or injury upon another, and an overt act that results in damage." <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 177 (2005). To establish a prima facie case of civil conspiracy, a plaintiff must show: (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or a lawful purpose to be achieved by unlawful means; and (4) special damages. <u>Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.</u>, 331 F.3d 406, 414 (3d Cir. 2003). Here, Plaintiff's conspiracy claim fails because he has not plead these elements. Plaintiff does not plead any combination of people who reached an agreement to conduct an unlawful act, or through unlawful means. Even for the officers Plaintiff claims assaulted him, Plaintiff does not plead any plan or agreement that would qualify as a conspiracy – even moreso for the Policymaker Defendants. As a result, this claim too should be dismissed with prejudice.

**POINT IV**

**PLAINTIFF'S COMMON LAW CLAIMS FOR NEGLIGENCE AND CONSPIRACY SHOULD BE DISMISSED AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES BECAUSE THE DEFENDANTS HAVE NOT WAIVED THEIR IMMUNITY FROM SUIT IN FEDERAL COURT.**

Plaintiff's tort claims should also be dismissed against all defendants in their official capacities because the Defendants are immune. Plaintiff's complaint was initially filed in federal

16

court, however, it advances common law claims under the New Jersey Tort Claims Act against state employees in their official capacities, but the Defendants are immune to such claims.

The Third Circuit has explained that "[t]he New Jersey Tort Claims Act does not constitute waiver if immunity from suit in federal court; the statute reflects a limited waiver only of the State's immunity from suit in state court." Allen v. New Jersey State Police, 974 F.3d 497, 505 (3d Cir. 2020).  This immunity extends to individual state employees sued in their official capacities. E.g., Franklin Armory, Inc. v. New Jersey, No. CV 19-19323 (FLW), 2021 WL 222808, at *9 (D.N.J. Jan. 22, 2021) (citing Betts v. New Castle Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010)).

Here, the court should dismiss all of Plaintiff's tort claims against the Defendants in their official capacities because the limited waiver of the New Jersey Tort Claims Act does not permit suit against the defendants in their official capacities in federal court.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted and all claims against Powell and Solanik, and all official capacity claims against all Defendants should be dismissed.

17

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY


By:  /s/ Thomas W. Carter
      Thomas W. Carter
      Deputy Attorney General
      NJ Bar ID No.: 212422017

c: Plaintiff's counsel (via ECF/PACER)